O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REYNALDO MARQUES AND ANNE MARQUES,**<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>**MORTGAGEIT, INC; CHICAGO TITLE COMPANY; HSBC BANK USA, N.A.; GMAC MORTGAGE LLC; ETS SERVICES, LLC; AND DOES 1 through 250, inclusive,**<br><br>　　　　　　Defendants.<br>_____ | CASE NO. SACV 09-1154 AG (MLGx)<br><br>**ORDER GRANTING MOTIONS TO DISMISS & DENYING AS MOOT MOTION TO STRIKE** |

　　　It's not ideal to submit a brief where the first phrase of the text is a grammatical error using archaic language. (*See, e.g.*, Opp'n to MortgageIT's Motion to Dismiss 1:20 ("COMES [sic] NOW Plaintiffs . . . ").) It's worse, but still forgivable, to submit three briefs with the same mistake. Here, Plaintiffs' counsel has filed three briefs with mistakes far exceeding the minor oversights that inevitably manifest in a profession that requires considerable writing.

Defendants GMAC Mortgage, LLC ("GMAC"), HSBC Bank USA, N.A. ("HSBC"), and Executive Trustee Services ("ETS") (collectively "GMAC Defendants") filed a Motion to Dismiss ("GMAC Defendants' Motion"). Further, Defendant MortgageIT, Inc. ("MortgageIT") filed a Motion to Dismiss ("MMTD") and a Motion to Strike ("MMTS"). Plaintiffs' counsel filed an opposition to the GMAC Defendants' Motion that was timely but replete with errors. Further, Plaintiffs' Counsel *untimely* filed oppositions to the MMTD and MMTS. The untimeliness of these oppositions alone is a sufficient reason to grant MortgageIT's requests. *See* L.R. 7-9 (parties opposing a motion must serve their memoranda "not later than fourteen (14) days before the date designated for the hearing"); L.R. 7-12 (failure to file an opposition to a motion may be deemed consent to granting the motion). But in the interest of efficiency, the Court will consider the merits of all arguments submitted.

The submissions of Plaintiffs' counsel reveal disrespect for his clients, the Court, and Defendants. The Court will not identify every error in Plaintiffs' briefs. Rather, the Court hopes that Plaintiffs' counsel will learn from his mistakes and represent his clients more effectively in later proceedings. In future submissions, Plaintiffs' counsel is cautioned to make subjects and verbs agree, use correct punctuation, cite to authorities or documents when quoting language, cite authorities and documents correctly, avoid run-on sentences, and avoid sentence fragments, particularly when the fragment is 11 lines long, (Opp'n to Defendants' Mot. 9:8-20).

More importantly, the Court wants to be certain that Plaintiffs Reynaldo Marques and Anne Marques ("Plaintiffs") are not prejudiced by their attorney's ineffectiveness. In his briefs, Plaintiffs' counsel makes multiple incoherent statements and incorrect statements of law. For instance, he argues that "a complaint may not be dismissed under Rule 12(b)(6) . . . unless it appears beyond a doubt that Plaintiffs can prove no set of facts that would entitle them to relief." (Opp'n to Defendants' Mot. 2:26-28 (citing "*Maguluta* [sic] *v Samples*, 256 F.3d 1282 (11th Cir. 2001)").) Contrary to this argument, the Supreme Court has held that, "after puzzling the profession for 50 years," the "no set of facts" phrase "has earned its retirement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 563 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1944 (May 18, 2009) (recognizing that "*Twombly* retired the *Conley* no-set-of-facts test").

2

After reviewing the papers and arguments submitted, the GMAC Defendants' Motion is GRANTED, the MMTD is GRANTED, and the MMTS is DENIED as moot.

**BACKGROUND**

This case, like many others currently in the judicial system, involves the sale of an adjustable rate mortgage loan ("ARM"). Plaintiffs filed a Complaint alleging a collection of mortgage related claims. The allegations in this Background section are taken from Plaintiffs' Complaint, and the Court assumes that they are true for the purpose of these Motions.

Plaintiffs received an ARM through lender MortgageIT. (Compl. ¶ 11.) This loan required Plaintiffs to make monthly payments "based upon Plaintiffs' stated income rather than verified income." (Compl. ¶ 11.)

GMAC is the current servicer of Plaintiffs' loan and ETS is the current trustee under the Deed of Trust. (Compl. ¶¶ 5, 6). HSBC is the trustee of the beneficial interest in the loan. (Compl. ¶ 4).

Plaintiffs made payments on their loan for 18 months. (Compl. ¶ 13.) But "the confusing terms of their loans [sic] caused Plaintiffs to default on the loan . . . ." (Compl. ¶ 13.) They were served with a Notice of Default on May 26, 2009 and a Notice of Trustee's Sale on August 25, 2009. (Compl. ¶¶ 14, 15.)

Based on these facts and others, Plaintiffs filed this lawsuit. Plaintiffs assert claims numbered as follows: (1) violation of California's Unfair Competition Law ("UCL") based on a violation of the Truth in Lending Act ("TILA"); (2) violation of the UCL based on a violation of California's Rosenthal. Fair Debt Collection Practices Act ("RFDCPA"); (3) fraudulent concealment; (4) unfair business practices; (5) quiet title; (6) rescission based on fraud; (7) unfair debt collection practices; (8) breach of fiduciary duty; (9) breach of written contract; (10) breach of the implied covenant of good faith and fair dealing; (11) declaratory and injunctive relief. Most of these claims are asserted against all Defendants, but claims 6, 9, and 10 are

asserted only against MortgageIT. The Court now considers whether these claims can survive Defendants' motions.

**PRELIMINARY MATTERS**

To support the MMTD and MMTS, MortgageIT requests that the Court take judicial notice of an Adjustable Rate Note dated June 27, 2007, loan number 40797911. Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court finds that this document meets the requirements of Rule 201, and MortgageIT's request for judicial notice is GRANTED.

**LEGAL STANDARD**

The recent Supreme Court cases *Iqbal* and *Twombly* discuss the legal standard on a motion to dismiss for failure to state a claim. Plaintiffs' counsel is urged to read both decisions.

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

**1.     PLAINTIFFS' FIRST CLAIM**

Plaintiffs' first claim is for violation of the UCL. Plaintiffs assert that the GMAC Defendants and MortgageIT (collectively "Defendants") have violated TILA, so they also violated the UCL, which "[i]n effect, . . . borrows violations of other laws . . . and makes those unlawful practices actionable . . . ." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).

Defendants assert multiple arguments why Plaintiffs' first claim should be dismissed. MortgageIT persuasively argues that this claim should be dismissed because the loan at issue was made for a business purpose. Because this argument is sufficient to dismiss Plaintiffs' first claim, the Court does not reach the remainder of Defendants' arguments.

"The Truth-in-Lending Act specifically exempts from its scope extensions of credit for business or commercial purposes." *Galindo v. Financo Financial, Inc.*, 2008 WL 4452344, at *4 (N.D. Cal. 2008) (quoting *Poe v. First Nat'l Bank of DeKalb County*, 597 F.2d 895, 896 (5th Cir. 1979)). MortgageIT argues that, "conspicuously missing from the Complaint is any

allegation that plaintiffs used the subject loan to refinance a property that was owner-occupied . . . . In fact, the subject Deed of Trust [attached to the Complaint] indicates that plaintiffs entered into the subject transaction for a business purpose – for a refinance loan on rental property." (MMTD 19:27-20:3.) Plaintiffs reply that, "[a]lthough the property *was indeed used for business purposes*[,] it was only for the reason that Plaintiffs already had a hard time paying the loan because of the unknown charges MortgageIT was collecting to [sic] them." (Opp'n to MMTD 14:19-21 (emphasis added).) Since Plaintiffs admit that the property was used for non-residential business purposes and identify no facts in their Complaint that would suggest otherwise, their first claim must be dismissed.

**2.     PLAINTIFFS' SECOND CLAIM**

Plaintiffs' second claim for violation of the UCL is based on their belief that Defendants violated the RFDCPA. But the Court finds that Defendants have not violated the RFDCPA. *See infra* Section 7. Thus, Plaintiffs' second claim fails.

**3.     PLAINTIFFS' THIRD CLAIM**

Plaintiffs' third claim is for fraudulent concealment. Claims for fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). This means that, absent special circumstances, the plaintiff must identify "the who, what, when, where, and how" of the misconduct alleged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted).

Here, Plaintiffs' complaint lacks the requisite particularity. For example, Plaintiffs allege that "at all times relevant, Defendants, inclusive of MORTGAGEIT, failed to disclose and/or concealed material facts . . . ." (Compl. ¶ 52.) Further, Plaintiffs fail to identify the speaker of any fraudulent statement. Allegations such as these fall far short of the particularity Rule 9(b) requires. Plaintiffs' third claim fails.

### 4. PLAINTIFFS' FOURTH CLAIM

Plaintiffs' fourth claim is for violation of the UCL based on an asserted violation of California Financial Code § 22302. Section 22302 states that "a loan found to be unconscionable pursuant to Section 1670.5 of the Civil Code shall be deemed to be in violation of this division and subject to the remedies specified in this division."

Plaintiffs argue that the loan contract between Plaintiffs and Defendants is "unconscionable pursuant to Civil Code § 1670.5." (Compl. ¶ 61.) Unconscionability "has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Discover Bank v. Superior Court*, 36 Cal.4th 148, 160 (2005) (internal quotations omitted). "A contract is procedurally unconscionable if it was the product of either oppression or surprise." *O'Donovan v. CashCall, Inc.*, No. C 08-03174, 2009 WL 1833990, at *7 (N.D. Cal. Jan 24, 2009). "Substantively unconscionable contract terms may take various forms, but may generally be described as unfairly one-sided." *Discover Bank,* 36 Cal. 4th at 160 (internal quotations omitted).

Defendants argue that Plaintiffs' claim fails to allege procedural unconscionability. Plaintiffs' response in their opposition to the GMAC Defendants' Motion is incomprehensible. (Opp'n to GMAC Defendants' Motion 9:21-10:4.) Their response to the MMTD is less grammatically dreadful, but is contemptible for different reasons. Plaintiffs' counsel writes in his opposition to the MMTD:

> Here, Plaintiffs' Complaint adequately alleges procedural unconscionability. Plaintiffs allege that Defendants target consumers experiencing serious, if not altogether desperate financial challenges," and "has [sic] grossly disproportionate bargaining power vis-à-vis consumers." Furthermore, they allege that the loans are presented on "a take-it-or-leave-it basis" with "no opportunity for negotiation." Defendant counters that the contract is not unconscionable because there were other alternative lenders in the marketplace from which Plaintiffs could have obtained [sic] claim of unconscionability. *Shroyer v. New Cingular Wireless Servs., Inc.,* 498 F.3d 976, 985 (9th Cir.2007) ("a contract may be procedurally

7

> unconscionable under California law when the party with substantially greater bargaining power 'presents a 'take-it-or-leave-it' contract to a customer-even if the customer has meaningful choice as to service providers.")

(Opp'n to MMTD 16:10-21.) It is necessary to note that the Court did not omit any quotation marks when quoting this passage, and that this language does not tell the reader where the first internal quotation begins. More importantly, the Court also did not omit any citations after the language quoted by Plaintiffs. With no citations, it is difficult to determine the origin of the quoted language. Is Plaintiffs' counsel quoting allegations in the Complaint? A review of the Complaint, which is hardly a model of clarity or precision, makes that doubtful. Are the quotes from cases? Without any help from Plaintiffs' counsel, the Court was able to determine the origin of the language from Plaintiffs' brief. Plaintiffs' opposition at page 16, lines 10 to 21 appears to have been taken – or perhaps plagiarized - by Plaintiffs' counsel from a recent case from the Northern District of California. Here are the words found in *O'Donovan* that were stolen by Plaintiffs' counsel:

> Here, Plaintiffs' Complaint adequately alleges procedural unconscionability. Plaintiffs allege that "CashCall targets consumers experiencing serious, if not altogether desperate financial challenges," and "has grossly disproportionate bargaining power vis-à-vis consumers." (FAC ¶¶ 77, 67.) Furthermore, they allege that the loans are presented on "a take-it-or-leave-it basis" with "no opportunity for negotiation." (FAC ¶ 67.) Defendant counters that the contract is not unconscionable because there were other alternative lenders in the marketplace from which Plaintiffs could have obtained credit. The potential availability of alternatives does not, however, defeat a claim of unconscionability. *Shroyer v. New Cingular Wireless Servs., Inc.,* 498 F.3d 976, 985 (9th Cir.2007) ("a contract may be procedurally unconscionable under California law when the party with substantially greater bargaining power 'presents a 'take-it-or-leave-it' contract to a customer-even if the customer has meaningful choice as to service providers.") (internal quotations omitted).

2009 WL 1833990, at *8.

A comparison of the *O'Donovan* quotation to the quotation from Plaintiffs' brief reveals that Plaintiffs' counsel simply copied the language of the *O'Donovan* court without even

1  attempting to replace the allegations of the plaintiffs in *O'Donovan* with the allegations of the
2  Complaint here. Puzzlingly, Plaintiffs' counsel omitted the part of the *O'Donovan* passage that
3  would have been most helpful to his argument, which is that "[t]he potential availability of
4  alternatives does not . . . defeat a claim of unconscionability." *Id*.

5  Amidst the intellectual dishonesty of Plaintiffs' counsel is a failure to identify any
6  allegations in *this* case sufficient to demonstrate procedural unconscionability. Absent such
7  allegations, Plaintiffs' fourth claim must be dismissed.

8  Because Plaintiffs' Complaint fails to allege procedural unconscionability, the Court will
9  not address Defendants' argument that it fails to allege substantive unconscionability.

## 5. PLAINTIFFS' FIFTH CLAIM

Plaintiffs' fifth claim is for quiet title. Defendants argue that this claim should be
dismissed because "plaintiffs do not allege that they have paid, or offered to pay, the outstanding
balance on the subject mortgage." (MMTD 7:2-3.) Defendants are correct.

"[A] mortgagor of real property cannot, without paying his debt, quiet title against the
mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994). Here, Plaintiffs do not
allege that they can tender the amount due under the note. Their claim for quiet title fails.

## 6. PLAINTIFFS' SIXTH CLAIM

Plaintiffs' sixth claim is against MortgageIT for rescission based on fraud. Plaintiffs
allege that, "based upon the fraud perpetrated upon them by Defendants . . . the Deed of Trust
and the finance loan agreement . . . must be rescinded." (Compl. ¶ 80.) As discussed in Section
3, Plaintiffs' Complaint fails to meet the pleading requirements for fraud under Federal Rule of
Civil Procedure 9(b). Plaintiffs' claim for rescission shares this deficiency and fails.

## 7. PLAINTIFFS' SEVENTH CLAIM

Plaintiffs' seventh claim is against all Defendants for violation of the RFDCPA. Plaintiffs devote three conclusory sentences to this claim. In one of these sentences, Plaintiffs allege that Defendants "violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788(e) and (f)." (Compl. ¶ 83.) While it is important to recognize that California "Civ. Code § 1788(e) and (f)" do not exist, Plaintiffs' claim for unfair debt collection practices fails for independent reasons.

"[T]he RFDCPA prohibit[s] debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts." *Ines v. Countrywide Home Loans, Inc.*, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008). The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly . . . engages in debt collection." Cal. Civ. Code. § 1788.2(c). Plaintiffs must allege that a defendant is a debt collector for purposes of stating a claim for violation of the RFDCPA. *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006).

Here, Plaintiffs' complaint fails to allege that Defendants are debt collectors. It also fails to allege specific conduct on the part of Defendants that violates the RFDCPA. Simply put, Plaintiffs' seventh claim fails.

## 8. PLAINTIFFS' EIGHTH CLAIM

Plaintiffs' eighth claim is for breach of fiduciary duty. The GMAC Defendants argue that this claim should be dismissed as to them because "all of Plaintiffs' allegations in support of this claim relate to the original lender, MortgageIT, not GMAC, HSBC, or ETS." (GMAC Defendants' Reply 10:21-22.) The Court agrees, and Plaintiffs' eighth claim fails as to the GMAC Defendants.

The eighth claim must also be dismissed as to MortgageIT. The Complaint identifies MortgageIT as Plaintiffs' lender, and a lender normally does not owe a fiduciary duty to its borrower under California law. *See, e.g.*, *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993). Plaintiffs do not allege any facts that demonstrate that this rule should not apply. Plaintiffs' eighth claim fails.

**9.     PLAINTIFFS' NINTH CLAIM**

Plaintiffs' "Nineth [sic]" (Compl. 18:27) claim is against MortgageIT for breach of written contract. MortgageIT argues that Plaintiffs do not "allege that MortgageIT failed to comply with the express terms of the loan for which they contracted." (MMTD Reply 14:14-15.) The response of Plaintiffs' counsel is not entirely coherent. (*See* Opp'n to MMTD 12:2-3 ("Plaintiff [sic] agreed to loan Defendant MORTGAGEIT.").) The more coherent part states:

> The Defendant made unfounded promises such as that [Plaintiffs']
> 'stated income' is sufficient such that they can easily pay the loan
> and that there will be no increase in the interest rates and false
> representations such as that there are no hidden or ghost charges to
> be paid by them. These acts by [MortgageIT] clearly induced the
> Plaintiffs to procure the loan. If the Plaintiffs knew these were not
> true after all, they would clearly not have procured the loan.

(Opp'n to MMTD 12:3-10.) This argument cannot save Plaintiffs' ninth claim. To support a claim for breach of written contract, a plaintiff must allege that the defendant breached the terms of a written contract. In the Complaint, Plaintiffs do not identify any terms of the written contract that were breached by MortgageIT. Plaintiffs' argument that they were induced into signing the loan agreement does not establish that MortgageIT breached the loan agreement. Plaintiffs' ninth claim fails.

11

**10.   PLAINTIFFS' TENTH CLAIM**

Plaintiffs' tenth claim is against MortgageIT for breach of the implied covenant of good faith and fair dealing. Plaintiffs allege that MortgageIT breached the implied covenant of good faith and fair dealing when it

> used its superior knowledge in the real estate, lending, and finance industries to intentionally hide the fact that MortgageIT was obligated [to] comply with the mandatory [TILA] disclosure requirements, that Plaintiffs could not qualify [for] the ARM loan for which they was given [sic], and the loan would in fact cost Plaintiffs significantly more than what was stated by MortgageIT . . . .

(Compl. ¶ 114.) Plaintiffs' allegations are insufficient.

Generally, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Rest.2d Contracts, § 205. But the duty of good faith and fair dealing is "a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008). Here, Plaintiffs' allegations concerning its claim for breach of the covenant of good faith and fair dealing stem from the formation and negotiation of the loan agreement. Plaintiffs have not alleged that MortgageIT breached the implied covenant of good faith and fair dealing in its performance under the loan agreement. Thus, Plaintiffs' tenth claim fails.

**11.   PLAINTIFFS' ELEVENTH CLAIM**

Plaintiffs' eleventh claim is for injunctive and declaratory relief. Defendants argue that this claim fails, and the Court agrees.

Defendants argue that Plaintiffs' request for declaratory relief must be dismissed because resolution of Plaintiffs' other claims will determine whether Plaintiffs can receive the requested declaration. (GMAC Defendants' Mot. 13:6-9 (citing *C.J.L. Const., Inc. v. Universal Plumbing*,

18 Cal. App. 4th 376, 390 (1993)).) Plaintiffs do not rebut this argument, and their request for declaratory relief must be dismissed.

Plaintiffs' request for injunctive relief also fails. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356 (1981) (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)). Since there are no other claims remaining, injunctive relief may not be granted.

Plaintiffs' eleventh claim, like the ten before it, fails.

## 12. CONCLUDING REMARKS

In this Order, the Court did not address many of Defendants' arguments concerning various claims because other arguments were sufficient to compel dismissal of those claims. This does not mean that those arguments will not be viable in a later motion to dismiss.

The Court has expended careful thought and effort in determining whether Plaintiffs have stated viable claims. Plaintiffs' counsel is urged to do the same.

## **DISPOSITION**

The GMAC Defendants' Motion is GRANTED. The MMTD is GRANTED, and the MMTS is DENIED as moot.

IT IS SO ORDERED.

DATED: December 14, 2009

                                              Andrew J. Guilford
                                              United States District Judge