1  Steven J. Siebig, Esq. (SBN 200875)
2  William A. Vallejos, Esq. (SBN 140110)
   Law Offices of William A. Vallejos
3  6454 Van Nuys Blvd., Suite 150
   Van Nuys, CA 91401
4  818-285-0383 office
5  818-756-2033 facsímile

6
   Attorneys for Plaintiffs REYNALDO MARQUES
7      and ANNE MARQUES

8
              **UNITED STATES DISTRICT COURT**
9
             **CENTRAL DISTRICT OF CALIFORNIA**
10
               **(Southern Division – Santa Ana)**
11

12
   REYNALDO MARQUES; and        )   Case No.: SACV 09-1154 AG (MLGx)
13  ANNE MARQUES                 )
                    Plaintiffs,   )   **PLAINTIFFS' OPPOSITION TO**
14  V.                           )   **GMAC MORTGAGE, LLC., HSBC**
15                               )   **BANK USA, N.A., AND EXECUTIVE**
                                 )   **TRUSTEE SERVICES, LLC'S**
16  MORTGAGEIT, INC.; CHICAGO    )   **MOTION TO DISMISS PURSUANT**
    TITLE COMPANY; HSBC BANK     )   **TO RULE 12(B)(6)**
17  USA, N.A.; GMAC MORTGAGE,    )
    LLC; ETS SERVICES, LLC;      )
18   and DOES 1-250, inclusive,  )
19                               )   Date:  April 12, 2010
                                 )   Time:  10:00 a.m.
20                Defendants     )   Ctrm.: 10D
21                               )   Judge: Honorable Andrew J. Guilford
                                 )
22

23      TO THE HONORABLE ANDREW J. GUILFORD, UNITED STATES

24  DISTRICT COURT JUDGE AND TO THE DEFENDANTS GMAC
25
    MORTGAGE, LLC., HSBC BANK USA, N.A., AND EXECUTIVE TRUSTEE
26
27  SERVICES, LLC AND THEIR ATTORNEYS OF RECORD:
28

REYNALDO MARQUES and ANNE MARQUES (hereinafter "Plaintiffs"), by and through their attorney of record, Steven J. Siebig, of the Law Offices of William A. Vallejos and respectfully moves this Court with its Opposition against "MORTGAGEITS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)".

## INTRODUCTION

The Plaintiffs have been victims of the mortgage lending mess partially created by MORTGAGEIT, INC. (hereinafter "MORTGAGEIT"), CHICAGO TITLE COMPANY, (hereinafter "CHICAGO"), HSBC BANK USA, N.A., (hereinafter "HSBC"), GMAC MORTGAGE, LLC (hereinafter "GMAC"), ETS SERVICES, LLC. (hereinafter "ETS") and DOES 1-250 (collectively referred to as "Defendants"), mortgage lenders, servicers and other various assorted predators who are engaged in a pattern of business practices intended to deceive, defraud and mislead homeowners and insurance companies regarding application of their payments and amounts owing under Note and Deed of Trust under which Defendants are collecting fees, initiating forecloses, collecting credit default insurance on foreclosed properties, evictions, filing of Unlawful Detainer cases, and relying on Insurance policies to pay disputes arising from judicial proceedings.

Plaintiffs applied and obtained a loan from Defendant MORTGAGEIT. In connection with making of the loan, Plaintiffs signed a Deed of Trust dated June 27, 2007 for Defendant MORTGAGEIT, which was recorded in the records of

Orange County, California. After obtaining the loan, Plaintiffs made payments on the loan. Plaintiffs continued to make payments until combination of Plaintiffs' lack of income and confusing terms of their loan caused Plaintiffs to default on the loan.

After defaulting and receiving demands from Defendants (GMAC, HSBC, and ETS) Plaintiffs filed a complaint in the Orange County Superior Court challenging the mortgage transactions that they entered into with MORTGAGEIT.

## FACTUAL BACKGROUND

On June 27, 2007, Plaintiffs executed a Deed of Trust and Promissory Note ("Note") securing a loan in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") as beneficiary, Mortgageit, Inc. (hereinafter "Mortgageit") as lender, CHICAGO as Trustee and Plaintiffs as Trustors (hereinafter referred to as Exhibit "A").

Plaintiffs defaulted in their payment to Defendants (GMAC and HSBC) alleging they were not the parties of interest or Beneficiaries on said Note. Plaintiffs attempted to verify the validation and enforceability of the said Note to ensure it had not been altered, or endorsed with the following statement "Pay to the Order of, Without Recourse" on the signature page insinuating it had been fully amortized and or paid by an unknown party or beneficiary which would be a direct

violation of Uniform Commercial Code ("UCC"), Article III, § 3-415.

OBLIGATION OF INDORSER states:

> *(b) If an indorsement states that it is made "without recourse" or otherwise disclaims liability of the indorser, the indorser is not liable under subsection (a) to pay the instrument.*

On May 26, 2009, two documents were filed and recorded on the subject property; a Substitution of Trustee which was recorded by MERS as Nominee for Mortgageit, at 11:11a.m. and a Notice of Default (NOD) also recorded at 11:11a.m. (hereinafter referred as Exhibit "B").

Plaintiff further accuse Defendants of Malicious Intent and Gross Negligence failing to perform a condition precedent contained in the Deed of Trust Prior to bringing foreclosure pursuant to California Code of Civil Procedures §1161 and in violation of Civil Code §2932.5. On this point, Civil Code §2932.5 provides the following:

> "Where a power to sell real property is given to a mortgagee or other
> encumbrancer, in an instrument intended to secure the payment of money,
> the power is part of the security and vests in any person who by assignment
> becomes entitled to payment of the money secured by the instrument.
> The power of sale may be exercised by the assignee if the assignment
> is duly acknowledged and recorded.  [Emphasis added].

"The assignment and substitution of trustee was not Recorded pursuant to Civil Code Procedures," nor did they provide actual or constructive criticism prior to

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

recording of NOD by ETS, when they were not the authorized trustee furthermore filing erroneous documents.

Since Defendants' failed to record assignments, substitutions, NOD in a timely manner they were not entitled to enforce the Note or to foreclose on Defendants property therefore the Title was not be perfected under California Code §2924 by a foreclosure, which is wholly defective and this defendant had no authority as a party of interest to conduct foreclosure proceedings.

In addition to recording the assignment, the Beneficiary must also deliver the Original Note to the Trustee in order for the Trustee to conduct the foreclosure sale. Huskell V. Matranga (1979) CA 3d. 471, 479-480, 160 CR 177;

"In the Case of a Mortgage with a power of Sale an assignee can only enforce the power of sale if the assignment is recorded, since the assignee's authority to conduct the sale must appear in the public records, New York Life Insurance Co. v. Doane (1936) 13 CA 2d. 233, 235-237, 56 P2d. 984, 56 ALR 224."

On January 14, 2010 Defendant ETS states the subject property by Trustee's Sale to the highest bidder (Defendant GMAC), by means of a Trustee's Deed Upon Sale, recorded on January 21, 2010 Hereinafter referred to as Exhibit "E").

Plaintiffs allege that said recordings were done in a malicious way as to provoke foreclosure and Pleads to the Court to Dishonor these documents and allow

Plaintiffs the right to have them rescinded. On or about February 1, 2010

Defendants filed a Motion to Dismiss Plaintiffs FAC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### LEGAL ARGUMENT

Plaintiffs did not err in suing MORTGAGEIT et al. as Defendants.

**I.**     <u>The Complaint does not fail to show that Plaintiffs are entitled to relief</u>

To begin, a complaint may not be dismissed under Rule 12(B) (6) of the

Federal Rules of Civil Procedure unless it appears beyond a doubt that Plaintiffs

can prove no set of facts that would entitle them relief. *Maguluta v Samples, 256 F.*

*3d 1282 (11th Cir. 2001).* Furthermore, a complaint is subject to dismissal under

Rule 12(b)(6) only when the allegations, on their face, show that an affirmative

defense bars recovery. *Cottone v. Jenne, 326 F. #d 1352(11th Cir. 2003).* Finally,

since this rule 12(b)(6) motion, this Court must construe all allegations, including

the Statement of Facts, within Plaintiff's Complaint as true.

The Defendants' Motion to Dismiss should be denied.  Plaintiffs have stated

valid Causes of Action against Defendants with facts and circumstances that

required that the Plaintiffs file this action against Defendants is not only to

determine the actual holder of the note and whether or not the assignments

executed or performed by the Defendants are valid but there was fraud and

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

misrepresentation in the executed Deed of Trust, the improper assignments of such security instrument and the  none disclosure of such assignments or transfers to another entity and also their right over the Plaintiffs' property.

**II.**   Plaintiffs have Legal Standing to pursue a Cause of Action for violation of Business and Professions Code.

The Plaintiffs maintain that the Defendants et al. deceived the public. Plaintiffs have no need to state how the public was deceived since the Plaintiffs are suing in their private capacity. Under Proposition 64, UCL & FAL [Prop.64 section 3 (amending *Business & Prof. & Prof. Code §17204*) claims fail unless a private plaintiff can plead and prove that he has personally suffered an injury in fact and has lost money or property as a result of the defendant's challenged act or practice alleged to constitute a violation. (*Mervyns, 39 Cal.4th at 228-29 & n.2*). The injury of the Plaintiffs is the loss of their home to unauthorized foreclosing Defendant. The Defendant in approving the loan which was based upon Plaintiffs' stated income rather than verified income and the Defendant as lender owes a duty of care in preparing the appraisal if the lender can foresee that the borrower will rely upon the erroneous appraisal. *Costa v. Neimon, 123 Wis. 2d 410, 366 N.W.2d 896 (Ct. App. 1985).* Plaintiffs allege due to Dishonoring of Promissory Note provided by Defendants et al., unless they provide Their Financial Books (Portfolio Ledger, Balance Sheet and 10k filing) that they cannot prove they ever gave legal

consideration themselves to acquire interest or claim to subject property and said

Note. Plaintiffs allege defendants' motion to dismiss is a blatant disrespect to the

Court and Defamation of Character to the Plaintiffs on behalf of Defendants and

their legal counsel, since it may have been overlooked the possible cause of action

which may be directly related to Truth In Lending Act ("TILA") violations to

include possible; Coercion of Appraisal, Refusing Right to Rescind, Servicing

Practices, Failure to Verify Repayment ability, Failure to Disclose material fact

pertaining to inception and servicing of loan, Failure to disclose Yield Spread

Premium ("YSP") which may affect interest rate or repayment ability of borrower.

Plaintiffs allege that subject to 15 U.S.C. §1640 (A)(1)(i)&(iii) they are entitled to

an award for any actual damages for the failure and such additional damages as the

court may allow not exceeding $2,000 per violation per day commencing no later

than the date of the initial dispute.

**III.**   Plaintiffs' Claim For Fraudulent Omission Does Not Fail Because Plaintiffs
       Pled This Fraud-Based Claim With the Requisite Particularity.

       Mortgagors' allegations that mortgage used fraudulent material

misrepresentations or knowing disclosures to induce them to enter into a mortgage

loan that unreasonably place their home at risk of foreclosure stated fraud-claim

with sufficient particularity to satisfy rule governing pleading of such claims

*(Hutchinson v. Delaware Savings Bank FSB, 410 F. Supp. 2d 374 (2006).* Plaintiffs

allege that Defendants represented or implied to the Plaintiffs that they have

sufficient income to procure the loan, including the required finance charges to be

paid. Defendants however, fraudulently omitted to inform the Plaintiffs what

finance charges are to be paid and the rates of interest appurtenant thereto.

Defendants knew that the Plaintiffs would not have applied for the loan if these

material facts have been disclosed.

**IV.** <u>Plaintiffs' Cause of Action for violation of California Civil Code 2923.5</u>
<u>has Merit.</u>

Plaintiffs allege GMAC, HSBC and ETS state on their Motion to dismiss

(page 8, lines 22-27); "California Civil Code Section 2923.5 requires that a

mortgagee, trustee, beneficiary, or authorized agent attempt to contact a borrower

prior to filing a notice of default pursuant to Section 2924 and include a declaration

with the filed notice of default specifying that the mortgagee, trustee, beneficiary,

or authorized agent has contacted the borrower as required…" However,

Defendants failed to state that pursuant to the Deed of Trust (Exhibit "A") the only

parties allowed to contact Plaintiffs' were Mortgageit, CHICAGO, and MERS at

the time of the recorded NOD. Since no assignments of Deed were recorded or

duly acknowledged no other third party should have had right to record any non-

judicial foreclosure proceedings against Plaintiffs property. Defendants state that

there is no private right of action under Section 2923.5 but fail to state their

exemption to state or federal laws which require some lenders to attempt to contact their borrower to arrange payment arrangements. Plaintiffs contend that neither; Chicago, Mortgageit or MERS attempted to contact them to make payment arrangements.

Defendants et al. intended to further induce fear and duress on Plaintiff by performing acts of a debt collector. Plaintiffs allege they received a "Debt Validation Notice" from ETS on behalf of MERS (who is Nominee for Mortgageit) on or about June 2, 2009 in an attempt to collect a debt, 1 month after the recorded NOD (hereinafter referred to as Exhibit "C"), in violation of Section 2923.5. On or about July 1, 2009 Plaintiffs' replied to the "Debt Validation Notice" by responding with a "Debt Collection Dispute Letter" pursuant to 15 U.S.C. 1692j Section 809(b) (hereinafter referred to as FDCPA), which Defendants et al. failed to answer within a 30 day period (hereinafter referred Exhibit "D"). Defendants blatant disregard for Federal Consumer protection Laws questions the validity of the debt to said debt collector and raises the possibility of other FDCPA violation to include: §809(b); §807(8); §808(1); §808(6)(a) for Threatening to take security instrument that's not enforceable; §812(a). Plaintiffs allege that subject to 15 U.S.C. 1692k §813(a)(1)&(2)(A) they are entitled to an award for any actual damages for the failure and such additional damages as the court may allow

1   not exceeding $1,000 per violation per day commencing no later than the date of

2   the initial dispute.

3   **V.   Unconscionability and Civil Code §1670 claims of Plaintiff have Merit.**

4

5           Plaintiffs assert that the lender, having the superior bargaining position, and

6   as they write the contracts, and since the Plaintiffs are not sophisticated enough to

7

8   deal with complex financial instruments that contains vague, confusing and

9   complex language, Plaintiffs simply had no idea what they were getting into by

10

11  signing up for one of these loan and were often completely mislead or else were

12  kept in the dark about the true nature of the loan. Defendants are experienced

13

14  business entities and individuals that sought to profit from the disparity in

15  bargaining power, and who did so by deliberately providing Plaintiffs with

16

17  misinformation about the loan.

18          The terms of the executed Mortgageit Deed of Trust is so one-sided as to be

19  abusive and unconscionable. Defendants exploited the disparity in bargaining

20

21  power to induce Plaintiffs to execute a mortgage loan and enter into highly

22  disadvantageous loan. Plaintiffs allege that Mortgageit may have practiced in

23

24  coercion of appraisal to induce borrowers into higher debts. Said procedural and

25  substantive unconscionability renders void and unenforceable the Deed of Trust of

26  June 27, 2007.

27

28

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Plaintiffs allege that Defendants et al. appeal of the complaint to a Federal Jurisdiction was an attempted act to disregard multiple state laws to induce a one-sided judgment upon Federal ruling. Plaintiffs allege Defendants motion to dismiss is a blatant disrespect to the Court and Defamation of Character to the Plaintiffs on behalf of Defendants and their legal counsel, in an attempt to have Plaintiffs overlook possible violations related to Truth In Lending Act ("TILA") which might include possible violations by; Coercion of Appraisal, Refusing Right to Rescind, Servicing Practices, Failure to Verify Repayment ability, Failure to Disclose material fact pertaining to inception and servicing of loan, Failure to disclose Yield Spread Premium ("YSP") which affects interest rate or repayment ability of borrower.  Plaintiffs allege that subject to 15 U.S.C. §1640 (A)(1)(i)&(iii) they are entitled to an award for any actual damages for the failure and such additional damages as the court may allow not exceeding $2,000 per violation per day commencing no later than the date of the initial dispute.

**VI.**   Plaintiffs Cause for Action for Unjust Enrichment has merit.

Plaintiffs allege that Mortgageit purposely allowed PLAINTIFFS a loan with relaxed guidelines (in violation of 12 C.F.R. §226.34(4)), unknowing to borrowers, to force qualify them into originating a loan with Mortgageit. This single act allows lenders such as Defendants et al. to benefit from the unjust enrichment of receiving monthly installment payments from borrowers, while selling the

mortgage in a pooled security (getting paid in full or more by shareholders or unknown investors) without the consent of the borrowers, knowing the likelihood of default and being aware of the high possibility that the borrower may be foreclosed on. This completes their unjust enrichment of (1) cashing in payments from borrowers; (2) getting paid in the secondary market for securitizing the Note/s (receiving all monies due to them by said Note); (3) Collecting if not one a multiplicity of Credit Default Insurance Policies (after the foreclosure sale); (4) selling the property to the highest bidder in an Auction through "Trustee Sale" (or in this case buying back the investment at a discounted price, in violation of 12 U.S.C. 1823(a)); (5) getting paid by FDIC for the loss; (6) writing off the loss in a 1099 for credit relief to the borrower; (7) All well after possibly receiving a rebate, kickback, or YSP (all of which are violations of TILA).

In doing so Plaintiffs allege that Mortgageit, GMAC or HSBC may have received payment in full three-fold without disclosing to borrowers that the debt had been paid in full by a third party and concealing the identity of the true party of interest by failing to record an Assignment of Deed or Full Reconveyance. Defendants have relied on dealing of good faith and fair dealing with insurance companies who covered their "alleged Loss" or "potential loss" by some sort of Insurance policy (Errors and Omissions, Credit Default Swap, Credit Insurance,

1   Loan Default Insurance, Liability Insurance, etc.) which paid the debt owed by

2   borrower alleviating the Mortgageit from actual loss.

3        Plaintiffs allege that for purposes such as this it is Deceitful for any

4

5   Financial Institution/Lender/Servicer/or Agent to buy back a property at a

6   discounted price which they previously had a bearing interest.

7

8   **VII.**   Plaintiffs Cause of Action for Civil Conspiracy has Merit.

9        Plaintiffs allege that this economic obsolesce that has devoured America

10

11  may have been a combined effort of several lending institutions which have

12  mislead not only the people but insurance agencies in order to fulfill their greed

13

14  and unjust enrichment through deception. Plaintiffs believe toxic loans were

15  initiated with the knowledge of the lending institutions and as to the Likeliness of

16  those borrowers to default. By drawing multiple insurance policies (Credit

17

18  Insurance; Credit Default Swap, Loan Default Insurance, Errors and Omissions,

19  etc.) on borrowers toxic loans it forced foreclosure proceeding on multiple

20  consumers, which lead to the economic obsolesce our Country faces today.

21

22       This very act of deceitful business practices influenced multiple insurance

23  companies to seek financial assistance from the government to what we know as

24

25  "The $70 Billion Bail Out" to AIG (who insured many of these toxic loans).

26       In re *Estate of Wernick, 151 Ill. App. 3d 234, 502 N.E.2d 1146 (1986).* "A

27

28  fiduciary relationship exists between two persons when one of them is under a duty

to act for or to give advice for the benefit of another upon matters within the scope of the relation."

These toxic loans which required relaxed (illegal) guidelines such as the Negative amortization loans were not properly disclosed to consumers. Rather, they steered borrower with the belief that property values would continue to soar and the borrower would not be subject to an upside down loan. Instead of being informed of the negative amortization feature by the loan officer (which is required by the fiduciary duty owed to the borrower), these harsh and oppressive terms are only able to be ascertained after the loan signing via a very confusing promissory note, adjustable rate rider, and loan program disclosure which often requires a doctorate in mortgage notes to understand.

As such the borrowers are not informed that the interest rate they are paying, at least initially, (the so-called "teaser rate" or "discount rate") is not the actual interest rate of the loan, and that by failing to make the fully amortized principal and interest payment, the loan balance will increase the principal balance owed. Such non-disclosures by Defendants are considered breaches of fiduciary duty to Plaintiff.

The Deed of Trust is considered a contract because it is an agreement between the lender and borrower that creates in each party a duty to do or not do something and a right to performance of the other's duty or a remedy for the breach

of the other's duty. The Plaintiffs were not fully apprised of all the documents they executed and their lack of adequate knowledge of the contract; they were not fully informed of the magnitude of what they were entering into to the extent that their innocence and ignorance was exploited to the benefit of the Defendants. Because of these circumstances, the Defendants were negligent in educating, informing and directing the Plaintiffs as regards the documents that were executed most particularly on the side of the Plaintiffs.

The Defendants in approving the loan which was based upon Plaintiffs' stated income rather than verified income and the Defendants as lender owe a duty of care in preparing the appraisal if the lender can foresee that the borrower will rely upon the erroneous appraisal. *Costa v. Neimon, 123 Wis. 2d 410, 366 N.W.2d 896 (Ct. App. 1985)*. At no time does a client's request for confidentiality control the licensee's disclosure duty. A licensee must disclose to all parties any material and relevant facts relating to the property.

The Plaintiffs and the Defendants have a special relationship which imposes liability on the lender to act in a reasonable manner so as not to cause injury to the borrower a relationship of trust and confidence is more easily found in the residential or personal loan context. *Jacques v. First Nat'l Bank, 307 Md. 527, 515 A.2d 756 (1986)*, even though such relationship cannot bind the lender to a fiduciary duty to the borrower with the presence of the following factors

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

determines a fiduciary relationship between the Plaintiffs and the Defendants includes: 1. unequal bargaining power; 2. adhesive contract provisions; 3. public policy concerns that conduct themselves in a particular manner; 4. whether the financial dependence or personal security of the damaged party was entrusted to the other; and 5. the reasonable expectations of the parties. *Security Pac. Bank v. Williams, 213 Cal. App. 3d 927, 262 Cal. Rptr. 260 (1989).*

**VIII.** Plaintiffs' Cause of Action for Quiet Title has Merit.

Plaintiffs are seeking to Quiet Title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of the Subject Property, when in fact they do not have possession of the original unaltered, enforceable, note signed by the Plaintiffs and in fact Plaintiffs have an interest by recording of Lis Pendens on such property held by Defendants, when Defendants have no right, title, interest, or estate in the Subject Property, and Plaintiffs' interest is adverse to Defendants' claims of ownership. Defendants, as mortgagees, have no right to maintain a suit to remove or prevent a cloud on title. *Martyn v. First Federal Savings and Loan Association Of West Palm Beach 257 So. 2d 576, 57-58.*

Plaintiffs reallege that validity of the Deed of Trust and Note rose from the inception of the loan on subject property, and the invalidity of said Security

Instruments for failure to validate debt pursuant to FDCPA. Plaintiffs seek Quiet

Title action to subject property referred to as APN: 123-371-15;

*LOT 15 IN BLOCK 4 OF TRACT NO. 883 OF CAPISTRANO BEACH, IN*

*THE CITY OF DANA POINT, COUNTY OF ORANGE, STATE OF*

*CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGES 1 TO 10*

*INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE*

*COUNTY RECORDER OF SAID COUNTY.*

**Known As:** *35072 Camino Capistrano, Dana Point, CA 92624*

Plaintiffs seek to hold Quiet Title as follows: Reynaldo Marques and Anne

Marques, Husband and Wife as Joint Tenants. Plaintiffs prays to the Court that

Quiet Title Action be granted on to which Plaintiffs have been seeking since May

25, 2009. Plaintiffs allege Quiet Title Action is just due to facts and allegations

stated and subject to jury trial for dishonor of instrument, and invalidity of debt.

**IX.**   Plaintiffs did not fail to tender and have legal standing to file an illegal

foreclosure case against Defendants

"Legal tender" can be defined as "A legal principle requiring a party who

seeks to invalidate a contract to return whatever that party received under the

contract's terms." [*NOLO'S Plain-English Dictionary May 2009*] Plaintiffs are

willing to pay the amount due but on the fact that the foreclosing agent was not

authorized and was not holding enforceable original unaltered wet ink copy of

Plaintiffs' Promissory Note and due to the different alleged transfer, and conveyance done by Defendant Mortgageit Plaintiffs are now confused to who is or was the real holder in due course.

As the owner of the security subject to the Deed of Trust, the Plaintiffs had a right to ask the legality of the foreclosing agent of its authority to foreclose due to the fact that the Plaintiffs will lose their home from an unauthorized foreclosing agent who is not holder of the enforceable Promissory note. Plaintiffs contend they were present on the date of the Trustee's sale (dated January 14, 2010) and affirm that the auctioneer postponed the sale on the subject property. Furthermore, Plaintiffs allege that Defendants (GMAC, HSBC, and ETS) are all in violation of California Foreclosure Law since they did not attempt to sell the subject property to the highest bidder as is one of the primary duties of the Trustee

Plaintiffs contends that "Trustee's Deed Upon Sale" (hereinafter referred as Exhibit "E") recorded on January 21, 2009 has the following statements:

- "The Grantee Herein Was The Foreclosing Beneficiary, … does hereby GRANT and CONVEY to GMAC MORTGAGE, LLC FKA, GMAC MORTGAGE CORPORATION…" (however no recorded assignments of deed exist prior to the Trustees Sale giving authority to GMAC to conduct the sale or acquire it by foreclosure)

Plaintiffs request the court take judicial notice, pursuant to *Evidence Code* §452, of the Official Records of Orange County with respect to the chain of title of the property. This includes the absence of either a deed of trust in Defendant's ("GMAC") favor or an assignment of deed of trust in Defendant's favor.

Plaintiff alleges that TRUSTEE fails immunity on a foreclosure sale under Civil Code 2924 since it was not conducted properly or initiated the correct party of interest. *Royal Thrift & Loan Co. v. County Escrow, Inc., 123 Cal.App.4th 24, 32 (2004).*

"Civil Code §2924-2924(k) provides a comprehensive framework for the regulation for a non-judicial foreclosure sale pursuant to a power of sale contained in the deed of trust. The purpose of this comprehensive scheme are three-fold. (1)Provide the creditor/beneficiary with a quick inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful lost property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser."

Accordingly TRUSTEE fails on all counts: (1) TRUSTEE did not address actual Beneficiary of record (2) TRUSTEE failed to validate the debt, as they had previously presented themselves as a debt collector (3) TRUSTEE supported Beneficiaries unfair competition by allowing the foreclosing beneficiary to purchase their initial investment at a discounted price in order to defraud the

insurance companies who provide Credit Default insurance. Plaintiff believes said transaction was not considered a bona fide purchase and goes on to allege that no consideration was given from purchaser/s.

Defendants stated *"PLAINTIFFS have failed to tender,"* however, despite allegations that Plaintiffs did not tender it does not mean that the latter have no standing to question the validity of the disputed loan agreement and to whom it is actually owned. The debt owed by Plaintiffs at this point can only be verified by providing: 10k filing, Ledger Portfolio or Balance Sheet ("The Financial Books") to Prove that GMAC or HSBC gave legal consideration and have the right to conduct foreclosure proceedings for this account rather than just a Beneficiary for Record Keeping purposes pursuant to FDIC codified as *12 U.S.C. 1829b(d) et al.* Plaintiffs believe an accounting error may have taken place by Defendants el al. which may have affected the ability to pay and to calculate payments by Plaintiffs.

Defendants allege the 'tender rule" applies which voids Plaintiff challenge to foreclosure. However, the "tender rule" does not state any waiver of right to the validation of debt or the right to request from Defendants proof that they themselves provided consideration to acquire this specific account. Especially, in a case were the Note is Endorsed "Pay to the Order of, without recourse." Plaintiffs allege tender is not due to GMAC or HSBC as a valid beneficiary, but questions who the actual beneficiary is which can only be determined by pleading to

Defendants et al. or their record holders to release for Judicial review The Financial Books (pursuant to *12 U.S.C. 1829b(d), (t) (1) & (2) Recordkeeping Requirements in accordance with Securities Exchange Act of 1934 and compliance with a court of the United States.)*

**X.**    The Plaintiffs' Cause of Action for Fraudulent Concealment has merit.

The Plaintiffs' complaint specifically pleaded the fraudulent concealment by the Defendants, and especially Mortgageit who concealed the Plaintiffs had no capacity to pay the loan sold to them by Mortgageit. Defendants are concealing the identity of the holder of the enforceable security instruments or true beneficiary who has paid the debt in full. Plaintiffs' complaint specifically identifies each alleged false representation, and identifies the manner in which each representation was deemed to have been fraudulent. The Plaintiffs' complaint contains allegations concerning each of the above requisites comprising an action for fraud.

California recognizes the tort of Fraudulent Concealment. "One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering. The confusion surrounding the requisites of fraudulent concealment results from the fact that there are three distinct classes of fraud: misrepresentation, concealment, and non-disclosure. Liability for fraudulent

misrepresentation occurs under California Law of Torts and lies against "[o]ne who fraudulently makes a misrepresentation of fact for the purpose of inducing another to act or to refrain from action...." In contrast, liability for nondisclosure occurs and lies against "[o]ne who fails to disclose to another a fact if, but only if, he is under a duty to the other to disclose the matter in question." Liability for fraudulent concealment occurs under the laws of torts and lies against a "party to a transaction who by *concealment or other action intentionally* prevents the other from acquiring material information."

Duty has no relevance in a tort requiring an intentional tort. Concealment necessarily involves an element of non-disclosure, but it is the intentional act of preventing another from learning a material fact that is significant, and this act is always the equivalent of misrepresentation. The Defendants in approving the loan which was based upon Plaintiff's stated income rather than verified income and the Defendants as lender owes a duty of care in preparing the appraisal if the lender can foresee that the borrower will rely upon the erroneous appraisal. *Costa v. Neimon, 123 Wis. 2d 410, 366 N.W.2d 896 (Ct. App. 1985).*

Plaintiffs allege contrary to public belief the inception of a foreclosure leads to a loss for Insurance companies and homeowners not to the Beneficiary Lender. Rather, beneficiary lenders make more money on insurance claims through foreclosure versus negotiating a workout plan for homeowners. Thus, Plaintiffs

alleges without undeniable proof by GMAC or HSBC that they themselves tendered anything to acquire this specific account or by Mortgageit's record-keepers it is unknown who the actual beneficiary of the debt is. Pursuant to Uniform Commercial Code Article III, § 3-414. OBLIGATION OF DRAWER:

> (e)  If a draft states that it is drawn "without recourse" or otherwise disclaims liability of the drawer to pay the draft, the drawer is not liable under subsection (b) to pay the draft if the draft is not a check.  A disclaimer of the liability stated in subsection (b) is not effective if the draft is a check.

ETS failure to prevent harm by not validating the debt or communicating that said account was in dispute and GMAC or HSBC disregard for repayment ability indicates gross negligence on their behalf. Pursuant to 12 U.S.C. §1821(k) Trustee acting as Conservator/Agent/Servicer /Officer is liable for gross negligence.

**XI.**  Plaintiffs claim for Rescission of the loan based on Fraud Has Merit.

The Plaintiffs filed this action to know if the foreclosing agent is holding the enforceable security instruments, Deed of Trust with Promissory Note, and to know who is really holder in due course the enforceable security instruments.

TILA requires a creditor to be responsible for furnishing certain disclosures to the consumer before making a contract for a loan. With respect to real estate loans, a "creditor" includes (among others) a person or company who regularly extends credit for loans secured by a dwelling, and the credit extended is subject to

a finance charge or is payable by written agreement in more than four installments, excluding the down payment. For the purposes of TILA, regularly extending credit is defined to mean five or more transactions per year. In the case of high-cost mortgages, the threshold is two or more per year if made directly by the creditor/lender, or one or more per year when the loan is made through a real estate broker performing as a mortgage broker. Fair Debt Collection Practices Act ("FDCPA") defines "Debt Collector":

> "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect..."

In *Ljepya v. M.L.S.C. Properties, N.D.Cal. 1973, 353 F.Supp. 866*. In that case, the court permitted a borrower to rescind a tainted loan transaction violative of Truth-in-Lending on condition of repaying the principal, without interest, to the creditor within ten days of judgment. There is no indication in that case that the borrowers had ever attempted to return the proceeds of the loan, but instead the debtors were seeking simply to extricate themselves from the unwanted transaction. In that situation, it would have been consonant with the statute only for the debtors to remit to the creditor the loan proceeds in order to rescind the agreement, inasmuch as § 1635(b) is clearly designed to restore the parties as much as possible to the status quo ante.

These loans were neither proper nor suitable for Plaintiffs condition and station in life.  The loan exceeded the reasonable expected value of the property at that time and in the foreseeable future based upon expected market changes.  The loan was an attempt to acquire mortgage broker premiums, lender service fees, and to pay sub-prime loans all to the advantage of the Defendants and disadvantage of the Plaintiffs and this was done as a group of individuals in this industry or concerted action through civil conspiracy, all to the disadvantage of the Plaintiffs.

Congress' intended operation of the statute, as evidenced by the §1635(b) creditor-forfeiture provision, therefore clearly calls for a debtor windfall if the creditor does not set about to rectify his earlier nondisclosures in the manner envisaged by the statute. In fact, the Act flatly provides that if his creditor continues in his untoward ways, the debtor incurs no obligation to pay for property which he is at the same time entitled to keep...' *114 Cong.Rec. 14398 (1968) (remarks of Congresswoman Sullivan).*

The Defendants Mortgageit and GMAC did not comply with 12 U.S.C. 260 (b)(2)(B). Among its administrative duties, the servicer forwards payments to investors and transmits periodic activity reports to credit-rating agencies and investors owning asset-backed or mortgage-backed securities.

Plaintiffs' plead for Injunctive and Declaratory Relief. The Defendants were and are the cause of the transfer to the alleged foreclosure agent but such

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

assignment or transfer is invalid under California laws and such injunctive relief is to prevent the future changing or conveying of the property from an invalid foreclosing procedure and to know legally and judicially if the transactions made to Defendant ETS in transferring the Deed is valid under a judicial process.

Plaintiffs allege that and actual controversy exists as to the following issues:

i) Plaintiffs contend that the Note of June 27, 2007 is invalid based upon GMAC's and HSBC's failure to comply with the regulatory statutes requiring representation of disclosure requirements, and other statutory provisions described herein. However, it is GMAC's and HSBC's contention that it has the right to pursue its remedies under the June 27, 2007 Note;

ii) Plaintiffs contend that any attempt to non-judicially foreclose on the Subject Property is improper in that foreclosing Defendants are not the holders of the original unaltered note on the Subject Property. However, it is GMAC's contention that it is the holder of the original note as assignees of the same, and has the right to proceed with its remedies, inclusive of a non-judicial foreclosure of the Subject Property;

iii) Plaintiffs contend that Defendants failed to provide Plaintiffs with full disclosure of the terms of the refinance loan and other statutory provisions alleged in the verified Complaint, and as such the entire loan finance transaction is subject

to rescission. However, Defendants contend that full disclosure was made to Plaintiffs, and the terms of the loan agreement are valid and in full legal force;

iv) Plaintiffs contend Mortgageit, GMAC and HSBC at all times withheld vital information as to the beneficiary of said note;

v) Plaintiffs contend if an endorsement states "without recourse" it disclaims liability to the indorser.

Defendants GMAC, HSBC and ETS even though are not the original parties of the loan should have disclosed, **"material disclosures"** means the disclosure, as required by TILA, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness.

The Defendants were and are the cause of the transfer to the alleged foreclosure agent but such assignment or transfer is invalid under California laws and such injunctive relief is to prevent the future changing or conveying of the property from an invalid foreclosing procedure and to know legally and judicially if the transactions made in transferring, assigning or substituting the Deed is valid under a judicial process. California Code of Civil Procedure authorizes an injunction "when it appears by the complaint or affidavits that the commission or

continuance of some act during the litigation would produce waste, or irreparable injury, to a party in the action." California Code of Civil Procedure provides that a preliminary injunction "may be granted at any time before judgment upon a verified complaint or upon affidavits if the complaints in one case, or affidavit in the other, show satisfactorily that sufficient ground exists therefore..."

The Plaintiffs maintain that they have a right to file claim in the ground of injunction because for them the purpose of a preliminary injunction is to preserve the status quo pending on the merits. *Continental Backing Co. v. Katz (1958) 68 C.2d 512, 528).* In the present case, Plaintiffs seek a Preliminary Injunction which would maintain the status quo until Plaintiff's action is heard on the merits.

In balancing the respective burdens of Plaintiffs and Defendants, it is clear that Plaintiffs would suffer more. If a Preliminary injunction is not issued, Defendants would go forward with the foreclosure proceedings and sell Plaintiffs' Property, which would cause irreparable injury because the Property is unique.

There is no prejudice to Defendants if the foreclosure is enjoined because the Property has significant value, Defendants have an enforceable security interest in the Property contrary to the Plaintiffs' interests and they will have the opportunity to foreclose after the trial. Plaintiffs' right may be terminated and they would be prevented from litigating their valid claims regarding the propriety of the foreclosure process. It would also extinguish Plaintiffs right to reacquire the

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

property as there are no redemption rights in a non-judicial foreclosure. There is no prejudice to Defendants because if Defendants have an enforceable security interest in the Subject Property contrary to Plaintiffs' interests, they will have the opportunity to foreclose after the trial.

Plaintiffs remain ready, able and willing to perform on the Agreement which should allay Defendants damages. Furthermore, Plaintiffs are willing and able to pay a bond but believe for the reasons just stated, it should be minimal.

GMAC and HSBC stepping into the shoes of Mortgageit as alleged holder of Mortgageit's loan documents are liable. In *First Alliance Mortgage Co. v. Lehman Commercial Paper, Inc.*, 471 F.3d 977 (Ca. 2008), causes of action were filed in the bankrupt sub prime lender's Chapter 11 bankruptcy case, first by borrowers who were allegedly defrauded by the sub prime lender to recover from other lenders that financed the sub prime lender's operation on an aiding and abetting theory, and secondly by the trustee appointed to liquidate the sub prime lender to set aside payments to these other lenders as fraudulent transfers and to equitably subordinate proof of claim filed by these other lenders.

The District Court entered an order denying the trustee relief on his fraudulent transfer and equitable subordination claims, and appeal was taken. The appellate court consolidated the appeal with a separate judgment for the borrowers on their aiding and abetting claim. The lender argued that reliance was not satisfied

because the borrowers signed documents that contradicted the oral

misrepresentations made by the lender. *Id.* at 992.

The Ninth Circuit rejected that argument because "it was by design that

[plaintiffs] did not understand that the loan documents told a different story," *Id.*,

and that California law did not impose a presumption of reliance; instead, it

required that the misrepresentation be a "substantial factor" in inducing plaintiff's

action. *Id.* The court ruled that the jury's finding of class-wide fraud was supported

by the evidence, and could not be disturbed on a motion for new trial or judgment

as a matter of law in class litigation to recover from lenders that allegedly aided

and abetted the bankrupt sub prime mortgage lender's fraud, given evidence of the

bankrupt sub prime lender's use of a standardized training program for its sales

agents, which included a script that the agents were required to memorize and strict

adherence to a specific method of hiding information and of misleading borrowers.

## CONCLUSION

**Plaintiffs have stated valid Causes of Action against Defendants with**

**facts and circumstances** that required the Plaintiffs file this action against

Defendants is not only to determine the actual holder of the note and whether or

not the assignments executed or performed by the Defendants are valid but there

was fraud and misrepresentation in the executed Deed of Trust, the improper

assignments of such security instrument and the  none disclosure of such

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

1  assignments or transfers to another entity and also their right over the Plaintiffs'

2  property.

3      **WHEREFORE** all going premises considered Plaintiffs respectfully pray

4

5  for the retention of said case and to DENY the motions of DEFENDANTS et al. to

6  dismiss Plaintiffs' Complaint pursuant to Rule 12(B0(6).

7

8

9

10  Dated:  March 22, 2010

11                                          Steven J. Siebig, Esq.

12                                          Attorney for Plaintiffs Marques, et al.

13  //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION AGAINST GMAC MORTGAGE, LLC., HSBC BANK USA, N.A., AND
EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)